**Adriel AROMIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72963.

Agency No. A70–542–734.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Jan. 8, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Helen B. Zebel, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Mark C. Walters, John M. McAdams, Jr., Audrey B. Hemesath, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

**MEMORANDUM**\*\*

Adriel Aromin, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the decision of the IJ for substantial evidence, *Alaelua v. INS,* 45 F.3d 1379, 1381 (9th Cir.1995), and deny the petition for review.

The IJ's decision was supported by substantial evidence because Aromin failed to demonstrate that the threats and extortion attempts made by the New People's Army ("NPA") were motivated, at least in part,

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

by his actual or imputed political opinion. *Cf. Borja v. INS,* 175 F.3d 732, 736 (9th Cir.1999) (en banc) (holding that petitioner demonstrated NPA members were motivated, at least in part, by petitioner's stated political opinion).

Because Aromin does not satisfy the standard for asylum, he necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Aromin's contention that the BIA's streamlining procedures violate due process is foreclosed by *Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**